IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL RODRIGUEZ, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00029 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Daniel Rodriguez, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As noted in the court's initial order, he lists underlying case numbers, but he failed to identify the court or case number of the specific judgment he is challenging, as well as information about whether he has previously filed a motion pursuant to 28 U.SC. § 2255. (Dkt. No. 2 at 2.) He was directed to return a § 2241 form containing this information to the court, (*id.*), and he has failed to do so. It appears to the court, based on the numbers provided and its own research, that he is challenging his conviction in the United States District Court for the Southern District of Florida, Case No. 1:13-cr-20008.[1]

Regardless of what conviction he is challenging, though, the court concludes that he cannot satisfy the requirements for proceeding under § 2241. For this reason, discussed briefly below, the court will dismiss his petition for lack of jurisdiction.

**I. BACKGROUND**

Rodriguez's petition states that he is challenging an October 2013 conviction in which a jury found him guilty of all four counts against him: conspiracy to commit Hobbs Act robbery,

---

[1] His convictions and sentence in that case were affirmed on appeal. *United States v. Rodriguez*, 591 F. App'x 897 (11th Cir. 2015). In October 2016, Rodriguez filed a motion pursuant to 28 U.S.C. § 2255, through counsel, which was denied by order entered February 1, 2018. *United States v. Rodriguez*, No. 1:13-cr-20008-CMA, ECF Nos. 181, 183.

two counts of Hobbs Act robbery, and one count of using or carrying a firearm during and in relation to, or possession of a firearm in furtherance of one of the Hobbs Act robbery counts, in violation of 18 U.S.C. § 924(c). (Petition at 1, Dkt. No. 1.)

His petition alleges that his conviction and sentence for his "second 924(c)" conviction is defective pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017). His petition contains references both to errors in his sentence and his conviction, and it appears that he is attempting to proceed pursuant to the Fourth Circuit's decisions in both *United States v. Jones* and *United States v. Wheeler*, which set forth the circumstances under which a petitioner may use § 2241 in order to challenge his conviction or sentence, respectively.

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

> 1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;
>
> 2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

    3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test for the district court to have jurisdiction to evaluate the merits of his claims. *See United States v. Wheeler*, 866 F.3d 415, 423–26 (4th Cir. 2018).

To the extent that Rodriguez is challenging his *sentence*, as opposed to his conviction, the required showing is similar. Under *Wheeler*, a petitioner may proceed under § 2241 to challenge his sentence only if he shows all of the following:

    1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

    2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

    3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

    4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018).

At a minimum, then, to utilize § 2241 to challenge his conviction, Rodriguez must point to some change in substantive law that occurred after his conviction such that the conduct of which he was convicted is deemed not to be criminal. Likewise, to utilize § 2241 to challenge his sentence, Rodriguez must point to some substantive law that was settled at the time of his

---

[3] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

conviction, but changed after his direct appeal and first § 2255 motion and was deemed to apply retroactively on collateral review.

The only alleged change in law upon which Rodriguez relies is the Supreme Court's 2017 decision in *Dean*. 137 S. Ct. 1170. There, the Supreme Court held that, when sentencing a defendant on a conviction under 18 U.S.C. § 924(c), which requires a mandatory consecutive sentence, and on other, non-924(c) counts at the same time, a sentencing court may vary downward on any non-924(c) counts in order to reach a just aggregate sentence on all the counts. *Id.* at 1178.

*Dean* dealt entirely with sentencing issues, and nothing about it would render Rodriguez's conduct no longer criminal. Thus, it cannot be used to satisfy *Jones*. And numerous courts have recognized that *Dean* did not create a substantive change in the law retroactively applicable on collateral review. *Diaz v. Warden, FCI Beckley*, No. 5:18-CV-00248, 2019 WL 6717635, at *1 (S.D.W. Va. Dec. 10, 2019) ("[C]ourts have consistently held that *Dean* "does not represent a substantive change in the law that applies retroactively on collateral review.") (quoting *Adams v. Coakley*, No. 1:17CV180, 2019 WL 3428549, at *3 (N.D. W. Va. July 30, 2019); *Alexander v. United States*, No. 6:18-cv-339-Orl-28GJK, 2019 WL 404016, at *4 (M.D. Fl. Aug. 27, 2019) (collecting cases). Indeed, the Fourth Circuit, albeit in an unpublished decision, has squarely held that *Dean* cannot support a § 2241 motion under *Wheeler* because it is not retroactively applicable. *Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018).

Because Rodriguez's petition does not identify *any* change in substantive law relative to his conviction, let alone one that renders the conduct for which he was convicted no longer criminal, as required by *Jones*, he cannot use § 2241 to challenge his conviction. Similarly,

4

*Dean* does not satisfy the second *Wheeler* requirement, and Rodriguez's petition identifies no other law that could. Accordingly, the court finds that Rodriguez fails to meet the tests to show that § 2255 is inadequate and ineffective to test the legality of his conviction or sentence, and his claims cannot be addressed under § 2241.

## III.  CONCLUSION

For the reasons stated herein, Rodriguez cannot proceed under § 2241 and his petition must be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: March 26, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge